UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAWN ENNIS,

                Petitioner,

      v.

JEFFREY UTTECHT,

                Respondent.

CASE NO. 3:19-CV-5786-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: June 5, 2020

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Shawn Ennis filed his federal habeas Petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 10. The Court concludes Petitioner failed to properly exhaust his state court remedies as to all grounds raised in the Petition. Because Petitioner's time for pursuing state remedies has expired, Petitioner has procedurally defaulted on all his claims. Therefore, the Court recommends the Petition be dismissed with prejudice.

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his conviction by guilty plea of three counts of first-degree incest and one count of sexual exploitation of a minor. Dkt. 15, Exhibit 1. Petitioner was sentenced to a minimum term of 120 months. Dkt. 15, Exhibit 1. Petitioner did not file a direct appeal or a post-conviction collateral attack. *See* Dkt. 10, 15, 18.

On August 26, 2019, Petitioner filed this Petition pursuant to § 2254. Dkts. 1, 10.[1] Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 10. On February 11, 2020, Respondent filed the Answer, wherein he argued a state remedy remained available and the Petition should be dismissed without prejudice because Petitioner is not presently time-barred from seeking collateral review in the state courts. Dkt. 14. In the alternative, Respondent argues Petitioner's calims fail on the merits. *Id.* Petitioner filed a Reply. Dkt. 16.

On April 9, 2020, after a review of the Petition, Answer, Reply, and state court record, the Court concluded Petitioner's time to file a petition or motion for post-conviction relief had passed since the filing of the Answer and expired on March 25, 2020. Dkt. 17 at 1-2 (citing RCW § 10.73.090 (no petition or motion for collateral attack may be filed more than one year after the judgment becomes final)). The Court ordered Respondent to supplement his Answer and provide additional information as to whether a state remedy remained available to Petitioner. Dkt. 17.

---

[1] Petitioner previously failed to timely complete his Application to Proceed *In Forma Pauperis* ("IFP"), and the undersigned recommended dismissing the case for failure to prosecute. Dkt. 5. Petitioner objected to the Report and Recommendation and provided a third Application to Proceed IFP, which was complete. Dkt. 6, 7. District Judge Settle declined to adopt the Report and Recommendation and re-referred the matter to the undersigned. Dkt. 8. The undersigned granted Petitioner's third Application to Proceed IFP and directed service of the Petition. Dkt. 9, 10, 11.

On May 1, 2020, Respondent filed his Supplemental Answer and argues Petitioner did not seek post-conviction collateral relief with the state court. Dkt. 18. Respondent argues Petitioner's claims are now procedurally barred and the Court should dismiss the Petition with prejudice. *Id.* Petitioner file did not file a response to the Supplemental Answer. *See* Dkt.

### DISCUSSION

Respondent maintains Petitioner failed to exhaust the grounds raised in the Petition and is procedurally barred from federal review. Dkts. 14, 18.

1. *Exhaustion of State Remedies*

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state supreme court even though the state court did not reach the argument on the merits). It is not enough if all the facts necessary to support the federal claim were before the state courts or if a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (citing *Picard*, 404 U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts entitling Petitioner to

relief. *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996); *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). Petitioner bears the burden of proving he has exhausted available state remedies and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

In the Petition, Petitioner raises four grounds for relief asserting he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 10.

Petitioner did not raise any of the four grounds in the instant Petition on direct appeal or collateral review. *See* Dkt. 10, 14, 15, 18. Therefore, Petitioner did not give the state court a full and fair opportunity to determine if a federal constitutional violation occurred when he was convicted of three counts of first-degree incest and one count of sexual exploitation of a minor.. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."); *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992) (finding claims were unexhausted when they were not raised on every level of direct review).

In the Petition, Petitioner contends the state courts do not have jurisdictional authority to adjudicate this matter because it outside their authority. Dkt. 10. The Court may consider an unexhausted federal habeas petition if it appears "there is an absence of available State corrective process . . . or circumstances exist which render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B). However, Petitioner has not shown there is an absence of available state corrective processes or circumstances exist rendering any state process ineffective. Rather, Petitioner appears to disagree with the exhaustion requirement and the state court's jurisdictional authority. Accordingly, the Court finds Petitioner has not shown there are no state

court remedies available to him.  Therefore, the Court concludes all four grounds raised in the

Petition were not properly exhausted.

        2.  *Procedural Default*

      Procedural default is distinct from exhaustion in the habeas context. *Franklin v. Johnson*,

290 F.3d 1223, 1230 (9th Cir. 2002). The procedural default rule bars consideration of a federal

claim when it is clear the state court has been presented with the federal claim but declined to

reach the issue for procedural reasons or it is clear the state court would hold the claim

procedurally barred. *Id.* at 1230-31 (citations omitted). If a state procedural rule would now

preclude the petitioner from raising his claim at the state level, the claim is considered

"procedurally defaulted" and the federal courts are barred from reviewing the petition on the

merits. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *O'Sullivan*, 526 U.S. at 845.

      All four grounds raised in the Petition are procedurally defaulted because if Petitioner

attempted to seek post-conviction collateral relief in state court, the state court would find the

claims barred by Washington State law. Washington State imposes a one-year statute of

limitations on filing a personal restraint petition or other post-conviction challenges. RCW §

10.73.090. Petitioner did not file a direct appeal and his conviction became final on March 25,

2019, the date it was filed with the superior court clerk. Dkt. 15, Exhibit 1. The time to file a

petition or motion for post-conviction relief expired one year after Petitioner's conviction

became final. *See* RCW 10.73.090(1), (3)(b). As the one-year statute of limitations has passed,

Petitioner is barred from filing any form of collateral relief in state court. *See id.* at (1); Dkt. 18.

      As Petitioner would be precluded from asserting all four grounds raised in the Petition in

the state court, these claims are procedurally defaulted in federal court. *See Coleman*, 501 U.S. at

731-32, 735 n.1; *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004); *Eisermann v. Penarosa*, 33

F.Supp.2d 1269, 1274 (D. Haw. 1999) ("[I]f a petitioner has never raised his federal claim to the

highest state court available and is now barred from doing so by a state procedural rule,

exhaustion is satisfied because no state remedy remains available, but the petitioner has

procedurally defaulted on his claim.").

However, procedural default will be excused and a petitioner will be entitled to federal

habeas corpus review if he "can demonstrate cause for the default and actual prejudice as a result

of the alleged violation of federal law, or demonstrate that failure to consider the claims will

result in a fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126

(9th Cir. 1998) (citing *Coleman*, 501 U.S. at 750). To establish "cause," a petitioner must show

some objective factor external to the defense prevented him from complying with the state's

procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)).

To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the

errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and

substantial disadvantage, infecting his entire trial with error of constitutional dimensions."

*United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Only in an "extraordinary case" may the habeas court grant the writ without a showing of

cause and prejudice to correct a "fundamental miscarriage of justice" where a constitutional

violation has resulted in the conviction of a defendant who is actually innocent. *Murray,* 477

U.S. at 495–96. To demonstrate he suffered a fundamental miscarriage of justice, viewing all the

evidence in light of new reliable evidence, the petitioner must show "it is more likely than not

that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v.*

*Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In his Petition, Petitioner argues "the State of Washington has abrogated my Federally

conferred Constitutional rights, therefore no state court has jurisdictional authority to adjudicate

this matter[.]" Dkt. 10 at 7. However, Petitioner fails to show some objective factor external

1    prevented him from complying with the State's procedural bar rule. Furthermore, Petitioner has

2    not provided new, reliable evidence showing he is actually innocent. Therefore, this is not the

3    kind of extraordinary instance where this Court should review the claim despite the absence of a

4    showing of cause. Petitioner failed to show cause or prejudice to excuse his procedural default;

5    therefore, the Court is barred from reviewing all four grounds raised in the Petition on the merits.

6        Accordingly, the undersigned finds Petitioner is not entitled to relief as to the grounds

7    raised in his Petition and recommends the Petition dismissed with prejudice.[2] *See Casey*, 386

8    F.3d 896.

9                                **EVIDENTIARY HEARING**

10       The decision to hold an evidentiary hearing is committed to the Court's discretion.

11   *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

12   hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

13   entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

14   available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

15   state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

16   entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

17   record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

18   court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to

19   hold an evidentiary hearing in this case because, as discussed in this Report and

20   Recommendation, Petitioner's grounds may be resolved on the existing state court record.

21

22

23   _____

24       [2] Based on the foregoing, the Court declines to address Respondent's alternative argument that the grounds
     raised in the Petition fail on the merits. *See* Dkt. 14.

**CERTIFICATE OF APPEALABILITY**

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

**CONCLUSION**

For the above stated reasons, the Court concludes all grounds raised in the Petition are unexhausted and procedurally defaulted. The Court also finds an evidentiary hearing is not necessary. Therefore, the Court recommends the Petition be dismissed with prejudice and a certificate of appealability not be issued.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1    imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June

2    5, 2020 as noted in the caption.

3          Dated this 11th day of May, 2020.

4

5    _____
     David W. Christel
6    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24